IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

July 28, 2008

KEVIN CARTER,

    petitioner,

v.

THE UNITED STATES OF AMERICA

    Respondent

3:07cv1477(EBB) PETITIONERS MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

**NOW COMES PETITIONER, KEVIN CARTER,** Before the Court with a motion for reconsideration pursuant to Fed.R. Civ. P 59(e) and pursuant to 15(c). The petitioner request this court to reconsider it's decesion dated July 14 2008 to deny the petitioners motion to vacate his conviction pursuant to 28 USC 2255(1)(2).

That Carter asserts that the court made a plain error when it did not consider carters <u>Pro-Se request</u> to consider his supplemental material to Carters 2255. That the Court did not give consideration nor a detailed evaluation to Carter's ineffective assistance of counsel claim concerning the sentencing hearing on the priors.

That Carter contends that the court made two errors that Violated his due process rights (1) That the Court did not consider relevant case law that supported Carters postion concerning the priors.

1

That the case law cited was on point from the Same District court in this case and supported carters claim of the IAC at sentencing and that Connecticut's controlled substance scheme is different from the federal governments was available at the intial time of carters sentencing. (2) That the court received Carters supplemental motion on June 30 2008 However the pleadings went to a magistrate Judge and not Judge Burns who was hearing the 2255 petition.

Since the original petition was assigned to Judge Burns than the district Judge should of received the motion to supplement and not the Magistrate Judge. Furthermore the Magistrate Judge applied the wrong standard to a Pro-Se litigant like Carter and should of just passed the pleadings over to Judge Burns for a decesion. That Judge Burns should of made all decesions on motions, applications and substantive issues concerning the petitioners case as Judge Burns had the case.

The petitioner now moves pursuant to Fed. R. Civ. P 59(e) for reconsideration and for the court to amend its judgment. This motion is timely under the statute. Carter ask in specific that the Court amend its judgment and grant the writ on the grounds that Carter is not subject to an enhanced sentence under ACCA 924(e) and that the court was without Jurisdiction to sentence Carter to that Punishment.

That Carter was denied his right to effective assistance of Counsel on the issue of the priors, that Counsel did not argue or investigate the priors nor argue the difference between the state and federal Controlled substance statutes and the difference between the schemes.

2

That under Fed.R.Civ.P. 59(e) the Court may alter or amend its judgment if (1) presented with newly discovered evidence (2) committed clear error or the initial decesion was mainfestly unjust (3) If there is a intervening change in the law. See: Sanchez v Johnson, 310 F Supp 2d 1060. That pursuant to Fed. R. Civ. P. 15(c) the amended or supplemental motion should " Relate Back " to the claim raised or a claim that was attempted to be raised in the initial fillings of the writ.

That in the case at bar the " Supplemental " motion, that was done by a layman Pro-Se petitioner, concerned carters supplying the Court with case law from the same District Court on the issue that Carter was argueing before the Court in his initial petition, i.e. that counsel was ineffective at sentencing for failing to investigate the priors and not argueing that the priors do not meet the Crietria for ACCA " Serious Drug Offense " under the federal statute.

The magistrate Judge returned carters pleadings because they were not signed. Carter made an oversight in his rush to get his pro-se pleadings before the Court. Yet the Magistrate Judge held Carter to a standard that the Court would hold learned Counsel to. It has long been held that allegations of a pro-se complaint or pleadings should be held to a less stringent standard than that of formal pleadings drafted by a Lawyer. See: Haines v Kerner 404 U.S. 579.

The rules command the court never to exalt form over substance. A thecnical mistake should be excused as long as it does not undermine the purpose of the pleading nor prejudice the adverse party. See: Wynder v McMahon, 360 F 3d 73,79 (2d Cir 2004)

3

Futhermore federal Rule of civil Procedure 11(A) States that the Court must strike an unsigned paper unless the ommisiion is "Promptly Corrected " after being called to the attention of the attorneys or the party. That carter received the court order from the magistrate rejecting his pleadings for being in violation of a local rule of an unsigned pleading. Carter promptly signed the pleadings and resubmitted them to the Court within 5 days in accordance with rule 11. In the interim Judge Burns Decied Carters petition and did not get a cahnce to consider carters vaild arguments and the appropriate Decesional law from another Judge of the Same Court.

**WHEREFORE,** Carter re-submits his supplemental Motion to the District Court Judge Burns now signed and Timely ask this court to reconsider its decesion denying the petition.

Respectfully Submitted

*/s/ Kevin Carter*

Kevin Carter # 15587-014
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

4

CERTIFICATE OF SERVICE

I, KEVIN CARTER hereby certify that I served a true and correct copy of the foregoing.

Motion to Alter or Amend Judgment 59 (E)/ Reconsideration.

Which is deemed filed at the time if was delivered to Prison Authorities for forwarding Houston vs. Lack, 101 L.Ed 2d 245 1988.

Upon Attorneys of Records by placing same in a sealed postage certified envelope addressed to: Geoffrey M. Stone
450 Main St. Room 328
Hartford, CT 06103

And deposited same in the mail room at F.C.I. Fairton, NJ on this 22 day of July 2008.

Kevin Carter
Kevin Carter
F.C.I. Fairton
Fairton, New Jersey 08320
Pro-se'