UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2009 SEP 10 P 2: 35
U.S. DISTRICT COURT
NEW HAVEN, CT

KEVIN CARTER,

    PETITIONER,

V.                    CIVIL NO.#3:07CV1477(EBB)

                    CRIMINAL#3:04CR174(EBB)

UNITED STATES OF AMERICA,

    RESPONDENT.

TRAVERSE TO THE GOVERNMENT'S

MOTION TO DISMISS PETITIONER'S

§2255 MOTION

On August 24, 2009, petitioner received the governments response to petitioners supplemental pro-se motions pursuant to 28 U.S.C. §2255.

The governments claim that petitioner is procedurally barred from raising his claims (with exception of the ineffective assistance of counsel claim) is misplaced.

PROCEDURAL HISTORY:

On July 29, 2008, petitioner filed a motion for leave to supplement his section §2255 motion in addition he simultaneously filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e). On February 2, 2009, petitioner filed a second post-ruling motion to supplement his section §2255 motion (each was granted)

Petitioner in his post-ruling supplemental motions, stated that his June 10, 1985 conviction for robbery 3rd. degree; his August 11, 1988 conviction for risk of injury to a minor; his January 2, 1992 conviction for sales of illegal

drugs; and his Janjuray 25, 1994 conviction for possession with intent to sell narcotics are not predicate offenses for purposes of establishing that he is a "career offender" pursuant to U.S.S.G. 41B.1 or an "armed career criminal" pursuant to 18 U.S.C. §924(E) and U.S.S.G. §4B1.4. Additionally petitioner points out that the seven year consecutive sentence he received pursuant to 18 U.S.C. §924(E) and U.S.S.G. §4B1.1 (i.e., count two) does not apply to him because he was subject to a fifteen year mandatory minimum sentence under 18 U.S.C. §922(g) and 18 U.S.C. §924(e)(1) (i.e., count three).

ARGUMENT:

The aforementioned claims all involve counsel Norman Pattis's performance and his unprofessional error's that resulted in petitioner being denied his constitutional right to effective assistance of counsel guaranteed him by the Sixth Amendment.

The governments claim that petitioner is procedurally barred from raising these claims is incorrect. Attorney Norman Pattis was counsel of record for petitioner for both his trial and direct appeal. It has been held in the Court of Appeals for the Second Circuit (27 Fed. App. 26 (1995) that ineffective assistance claims usually should be excused from procedural default rules because an attorney who handles both trial and appeal is unlikely to raise an ineffective assistance claim against himself. Even assuming arguendo the court in Massaro, 538 U.S. 500, 155 L.ED. 2d 714, 123 S.Ct. 1690 in an opinion by KENNEDY, J., expressing the unanimous view of the court held that : (1) a convicted federal criminal

defendant may properly first bring an ineffective assistance claim in a collateral proceeding under §2255, regardless of whether the defendant could have raised the claim on direct appeal. (2) thus, a defendants failure to raise such a claim on direct appeal does not bar the claim from being brought in a later appropriate proceedings under §2255. See - Massaro v. U.S., 155 L.ED 2d 714 (2003).

Accordingly, as demonstrated above, petitioner's post ruling motions should be granted and evidentiary hearing held.

THE GOVERNMENT ARGUMENT THAT

A HEARING IS NOT REQUIRED IS

TOTALLY MISPLACED.

It is petitioners contention that a hearing is required, 28 U.S.C. §2255 reads in pertinent part as follows:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the Court was without Jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the Court, which imposed the sentence to vacate, set aside, or correct the sentence.

Unless the motion, and the files, and the records of the case conclusively show that the prisoner is entitled to no relief, the Court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues, and make findings of facts and conclusions of law with respect thereto. If the Court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the Constitutional rights of prisoner as to render the Judgment vulnerable to collateral attack, the Court shall vacate and set aside ..

> the judgment     and shall
> discharge the prisoner or
> resentence him or grant a
> new trial or correct the
> sentence as may appear
> appropriate.

In Aron vs. United States, 291 F.3d 708, 714 (11th. Cir. 2002) states:

> as we have previously
> stated, if the petitioner
> "alleges facts that if true,
> would entitle him to relief,
> then the District Court
> should order an evidentiary
> hearing and rule on the
> merits of his claims."

> the law is clear that, in order to
> be entitled to an evidentiary hearing
> a petitioner need only allege -- not
> prove -- reasonably specific, non-
> conclusory facts that, if true would
> entitle him to relief. If the allegations
> are not affirmatively contradicted by
> the record and the claims are not
> patently frivolous the district court is
> required to hold an evidentiary hearing.
> It is in such a hearing that petitioner
> must offer proof.

See also, Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001) stating:

> We reject the Government's position.
> Section §2255 requires that a hearing
> precede any District Court determine-
> tion of disputed issues of fact concerning
> petitioner's entitlement to relief .....
> adoption of the government's position
> may cut corners in the name of
> efficiency but it may be at the expense
> of important procedural rights.

Also See; Armienti vs. United States, 234 F.3d 820, 823 (2d Cir. 2000). Stating:

> to prevail on his motion for a hearing
> {Armienti} must establish that he has
> a "plausible" claim of ineffective
> assistance of counsel. At this prelimi-

>nary stage, he is not required to
establish that he will necessarily succeed
on the claim, and indeed, if he could
presently prove that proposition, no
hearing would be necessary.

Petitioner is expected to allege facts, but he is not required to prove the claims in the body of the §2255 motion. It is petitioner's contention that he expects the government to dispute the facts presented in his §2255 petition, and because the government has now contested the factual allegations, an evidentiary hearing is required on petitioner's §2255 motion.

>      THE GOVERNMENT COUNTING OF
>      THE JUNE 10, 1985 CONVICTION
>      FOR DETERMINING CAREER
>      OFFENDER STATUS IS INCORRECT,
>      BECAUSE IT IS OUTSIDE THE 15
>      YEAR WINDOW PURSUANT TO
>      U.S.S.G §4A1.2(e)(1).

Petitioner challenges his classification as a career offender under U.S.S.G. §4B1.1 "A defendant qualifies as a career offender if the present offense is a crime of violence and if the defendant has two prior convictions for crimes of violence. U.S.S.G. §4B1.1. A prior conviction may be counted only if the conviction resulted in the defendant's incarceration during any part of the fifteen years prior to the commission of the present offense. Id. at 4A1.2(e)(1). Section 4A1.2(e)(1) of the U.S.S.G. sets forth the time period within which a prior sentence must have been imposed or served to count towards a defendants criminal history score. It provides that a district court may count a prior conviction only if the conviction resulted in the defendant's incarceration or imprisonment during any part of the fifteen years prior to the commission of the present offense. In the instant case the government is relying on petitioner's prior state conviction for third degree robbery as a basis for considering him a career offender under section §4B1.1. On June 10, 1985, petitioner was sentenced to two years. The instant offense occurred on March 20, 2003, over fifteen (15) years subsequent to the imposition of the instant offense. This prior conviction cannot be counted absent any proof at

sentencing that petitioner was incarcerated on the third degree robbery during the applicable fifteen (15) year period. Petitioner's sentence cannot stand pursuant to U.S.S.G. §4B1.1 as defined by U.S.S.G. §4A1.2(e)(1).

> THE GOVERNMENT'S ARGUMENT CONCERNING PETITIONER'S JUNE 10, 1985 CONVICTION AS A PREDICATE IS INCORRECT, WHERE THAT CONVICTION WAS NOT COUNTED IN PETITIONER'S CRIMINAL HISTORY SCORE UNDER U.S.S.G. 4A1.1(a),(b) or (c).

On March 22, 2005, a presentence investigation report was done listing the June 10, 1985 conviction but never counted it separately in petitioner's criminal history score pursuant to U.S.S.G. §4A1.1(2)(b) or (c). Now comes the government at this late date trying to introduce this uncounted conviction. Clearly, the government has waived presentation of this conviction by failing to count it separately during the initial P.S.I. proceeding. In United States v. Cesarez-Bravo, 181 F.3d 1074 (9th. Cir.1999), the Court of Appeals held that one of the defendants convictions did not qualify as a predicate conviction under the career offender provision of the U.S.S.G. because it had not been counted in his criminal history score:

> stating Cesarez-Bravo's 1986 conviction does not qualify as a predicate conviction because it was not counted in his

criminal history score under §4A1.1 See U.S.S.G. §4B1.2(c) and application note 3. In order to qualify as a "prior felony conviction" under §4B1.1, the guidelines require that the conviction must have been counted separately under sentencing Guideline Section §4A1.1(a),(b), or (c) as part of the criminal history score. See Id. §4B1.2(c).

For the reasons set forth the above petitioner Kevin Carter respectfully request that this Hon: Court to vacate his sentence absent career offender calculating the applicable federal guideline for sentencing purpose.

Respectfully Submitted,

Kevin Carter - pro se

Dated: Sep 3, 2009

CERTIFICATE OF SERVICE

I certify that I have caused a copy of the foregoing motion to be delivered via U.S. mail to served upon the United States Attorney's office at the following address:

**GEOFFERY M. STONE
ASSISTANT UNITED STATES
ATTORNEY
450 Main Street
Hartford, Connectticut 06103**

This 3Rd day of September 2009.

Respectfully Submitted,