UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEVIN CARTER                          :

v.                                    :     Docket No. 3:07CV1477(EBB)

UNITED STATES OF AMERICA              :

ORDER DIRECTING THE GOVERNMENT TO SUBMIT ADDITIONAL MATERIAL

To assist the Court's determination of whether the defendant, Kevin Carter ("Carter"), was properly classified as a career offender and/or an armed career criminal, counsel for the government is hereby directed to file and serve the following additional information and supplemental brief no later than June 14, 2010.

1. With regard to whether Carter's January 2, 1992 conviction for sale of narcotics qualifies as a predicate offense for purposes of a sentence enhancement as a career offender and/or an armed career criminal, the government shall submit appropriate judicial records demonstrating that his guilty plea necessarily rested on a fact identifying the conviction as a controlled substance offense and/or a serious drug offense under guideline § 4B1.2 and 18 U.S.C. § 924(e). See United States v. Henry, Nos. 08-3151-cr, 08-3696-cr, 2010 WL 345909 (2d Cir. Feb. 2, 2010); United States v. Savage, 542 F.3d 959 (2d Cir. 2008); United States v. Henry, 556 F. Supp.2d 133 (D. Conn. 2008); United States v. Cohens, No. 3:07cr195(EBB); 2008 WL 3824758 (D. Conn. Aug. 13, 2008).

2. The government shall also submit a supplemental brief that addresses (1) the issue raised in Carter's Traverse to Government's Motion to Dismiss with regard to whether his June 10, 1985 robbery conviction qualifies as a proper predicate offense for sentence enhancement as

a career offender or an armed career criminal; (2) the specific prior felony convictions that can properly be counted as prior predicate offenses under guideline § 4B1.2 and 18 U.S.C. § 924(e) in determining the defendant's status as a career criminal and an armed career criminal; and (3) in the event the defendant's prior convictions are insufficient to support his classification as either an armed career criminal or a career offender, what his proper guideline sentencing range should be and why.

The defendant may, but is not required to, submit a response to the government's filings no later than June 30, 2010.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ
_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2010 at New Haven, Connecticut.